USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANDY LEE,<br><br>       Plaintiff,<br><br>  -against-<br><br>ALAN T. CHAN,<br><br>       Defendant. | 1:25-cv-02137-MKV<br><br>DISMISSAL ORDER |

MARY KAY VYSKOCIL, United States District Judge:

  This action was removed to this Court from the Supreme Court of the State of New York in New York County, on March 14, 2025 by a Notice of Removal which attached Plaintiff's Summons and Complaint as well as a Plaintiff's motion for leave to file an amended complaint. [ECF No. 1]. The motion to amend the complaint was filed on March 11, 2025 and attaches the proposed amended complaint, which adds an additional defendant, Peter Schoenfeld, who is allegedly domiciled in New York. [ECF No. 1]. The Notice of Removal states that it was filed within thirty days of receipt of the initial pleadings, the Defendant is a resident of New Jersey, Plaintiff is a resident of New York and damages sought in this case are in excess of $75,000. [ECF No. 1]. After the Notice of Removal was served, Plaintiff, proceeding *pro se*, filed a letter seeking to "withdraw" her complaint and arguing that Defendant filed "the wrong complaint" with the Notice of Removal because she had filed a motion to amend her complaint days prior to removal. [ECF No. 7]. Plaintiff's letter concedes that Defendant Chan resides in New Jersey and that the damages she seeks exceed $75,000. [ECF No. 7].

  Defendant responded by filing a Pre-Motion Conference Letter in this case seeking leave to file a motion to dismiss and arguing that he did not file the wrong complaint with the Notice of Removal because in state court Plaintiff merely filed a "notice" to amend and her anticipated

amendment adding Schoenfeld a New York resident, was a "fraudulent attempt to destroy diversity." [ECF No. 8] (citing *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 388 (S.D.N.Y. 2009)).  The parties filed additional letters in which Defendant asserts that Plaintiff seeks to withdraw her complaint and re-file in state court to "improperly avoid the removal of her Complaint to this forum" and Plaintiff clarifies that she seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [ECF Nos. 9-11].

Plaintiff may dismiss her case as of right.  Pursuant to Rule 41(a)(1)(A)(i) a plaintiff "may dismiss an action without a court order by filing: . . .  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  No answer or motion for summary judgment has been filed in this case and thus Plaintiff may dismiss her case. Defendant argues that since Defendant filed a Pre-Motion Conference Letter, "pursuant to Federal Rule of Civil Procedure 41(2) [*sic*], that Plaintiff must now seek leave of court to voluntarily dismiss this action." [ECF No. 10]. Defendant appears to argue that the Pre-Motion Conference Letter is equivalent to an answer or motion for summary judgment and thus, Plaintiff may not dismiss the case without a Court order or stipulation by the defendant. *See* Fed. R. Civ. P. 41(a)(1), (2).  However, Courts have construed Rule 41(a)(1) strictly in determining whether voluntary dismissal has been foreclosed by an answer or summary judgment motion. *Medina v. New York State Dep't of Corr. Servs.*, No. 03 CIV.9249(RWS), 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 26, 2004) (citing *Santiago v. Victim Servs. Agency,* 753 F.2d 219, 222 (2d Cir.1985) *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990)).  Accordingly, "courts have repeatedly rejected arguments that events or filings other than answers or motions for summary judgment may be deemed the 'equivalent' of those items for purposes of Rule 41(a)(1)." *Id.* (collecting cases).

Defendant's argument that Plaintiff's dismissal of this case is an improper attempt to "avoid the removal of her Complaint to this forum" is also unavailing. *See* [ECF No. 10]. Once the conditions set forth in Rule 41(a)(1) have been met, the right to dismiss pursuant to the Rule is "absolute," and as such, "neither the Court nor a defendant may prevent Rule 41(a)(1)(i) dismissal." *Medina v. New York State Dep't of Corr. Servs.*, No. 03 CIV.9249(RWS), 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 26, 2004) (quoting *In re WorldCom, Inc. Sec. Litig.,* Nos. 03 Civ. 4496 *et al.,* 2003 WL 23095478, at *2 (S.D.N.Y. Dec. 30, 2003) and quoting *Bressler v. Liebman,* No. 96 Civ. 9310(LAP), 1998 WL 167334, at *2, *8 (S.D.N.Y. Apr. 8, 1998)).

The right to a Rule 41(a)(1)(i) dismissal "applies equally to cases brought here by removal as it does to cases originally filed here." *Katzman v. Am. Airlines, Inc.*, No. 97 CIV. 8321 (JSM), 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997). Moreover, even when plaintiffs seek discretionary dismissal under Rule 41(a)(2) which will be granted by a Court only "on terms that the court considers proper," courts regularly grant dismissal in removed cases even when defendants argue that plaintiffs seek dismissal to avoid federal jurisdiction. *See, e.g.*, *HOV Servs., Inc. v. ASG Techs. Grp., Inc.*, No. 18-CV-9780 (PKC), 2021 WL 355670, at *2 (S.D.N.Y. Feb. 2, 2021) (citing *Nix v. Off. of Comm'r of Baseball*, No. 17-CV-1241 (RJS), 2017 WL 2889503, at *3 (S.D.N.Y. July 6, 2017) and citing *Katzman v. Am. Airlines, Inc.*, No. 97-CV-8321 (JSM), 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) (collecting cases)).

Accordingly, Plaintiff may dismiss this case without leave of the Court. This case is dismissed without prejudice.

The Clerk of Court is respectfully requested to close motion at docket entry 8 and terminate this action.

**SO ORDERED.**

**Date: September 8, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**